NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0223n.06

No. 25-3853

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

May 20, 2026

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| JOSE LINO COREA, | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE BOARD OF |
| v. | ) | IMMIGRATION APPEALS |
| | ) | |
| TODD W. BLANCHE, Acting U.S. Attorney General, | ) | OPINION |
| Respondent. | ) | |

Before: BOGGS, CLAY, and GILMAN, Circuit Judges.

**CLAY, Circuit Judge.** Petitioner Jose Lino Corea filed an application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). An immigration judge ("IJ") denied Petitioner's application and the Board of Immigration Appeals ("BIA") affirmed. Petitioner now petitions for review of the BIA's order. For the reasons set forth below, we **DENY** the petition for review.

## I. BACKGROUND

Petitioner Jose Lino Corea is a citizen of Honduras who entered the United States without admission in September 2001. On January 14, 2014, Petitioner received a Notice to Appear which charged him with being inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Before an IJ, Petitioner conceded the charge. Petitioner then filed an application for cancellation of removal, pursuant to 8 U.S.C. § 1229b(b)(1).

The basis for Petitioner's application is his relationship with his U.S.-citizen son. In 2014, Petitioner fathered a child named Eric Williams and co-parented his son with Eric's mother for the

next three years. Eventually, Petitioner and Eric's mother separated and the mother took custody of Eric when she married someone else and moved out of the family residence. Petitioner last saw his son in April 2017 and has since engaged in ongoing state custody proceedings with Eric's mother.

On November 10, 2021, Petitioner appeared before an IJ for a hearing on his application. Petitioner testified that he had regularly visited his son and had paid $300 a month in child support to his mother until Eric's mother moved away with Eric. He only learned where Eric's mother had taken their son after her husband filed a petition to adopt Eric. Petitioner did not know whether Eric had any medical conditions. He did, however, know that Eric had no psychological issues and was doing very well in school. Petitioner had even saved $55,000, some of which was to be for Eric's education. Petitioner was also concerned that Eric would suffer from Petitioner's deportation because Petitioner would then be out of Eric's life.

The IJ reviewed Petitioner's testimony and the record evidence and made several determinations. First, the IJ noted that there was insufficient evidence in the record to establish significant emotional hardship to Eric from Petitioner's deportation because Petitioner had not contacted Eric in four years and it was unclear whether Eric would remember Petitioner from the first three years of his life. The IJ also found that Eric had strong family ties in the United States through his mother and stepfather. The IJ further concluded that Eric would not suffer any medical, educational, or financial hardship from Petitioner's deportation. In sum, the IJ determined that any potential hardship Eric would endure from Petitioner's deportation did not rise to the level of "exceptional and extremely unusual" hardship required by the Immigration and Nationality Act ("INA") to authorize cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1).

Petitioner timely appealed the IJ's decision to the BIA. He challenged the IJ's finding as to exceptional and extremely unusual hardship. As to this challenge, Petitioner contended that the IJ failed to consider how Petitioner could not further his bond with Eric while Eric's mother prevented Petitioner from seeing his son. He also claimed that the IJ failed to consider the long-term impact separation would have on Eric, who may never have truly known that Petitioner was his paternal father. Finally, Petitioner averred that the IJ did not consider that Eric's mother would likely forbid Eric from relocating to Honduras to live with or visit Petitioner.

Petitioner also raised for the first time Fifth Amendment due process challenges. He claimed that he was deprived of his substantive due process rights because the IJ ordered him removed before he had an opportunity to complete his state proceedings seeking joint custody over Eric. Petitioner also claimed that his deportation would violate his and Eric's equal protection rights under the Fourteenth Amendment.

The BIA disagreed with Petitioner and affirmed the IJ's exceptional and extremely unusual hardship finding. The board found that Petitioner waived his constitutional arguments since he did not raise those arguments before the IJ. Petitioner's timely petition for review followed.

## II.   DISCUSSION

### A. Standard of Review

Where, as in the instant case, the Board issues a separate opinion in lieu of summarily affirming the IJ's decision, we review the Board's decision as the final agency determination. *Turcios-Flores v. Garland*, 67 F.4th 347, 353 (6th Cir. 2023). "We review the IJ's reasoning only to the extent the Board adopted it." *Id.* "[A]ny issues the Board did not address are not before the court." *Id.*

We recently held "that cancellation-of-removal hardship determinations are to be reviewed under the IIRIRA substantial-evidence standard." *Baltazar Us v. Blanche*, --- F.4th ---, 2026 WL 1162684, at \*2 (6th Cir. 2026). Thus "the Board's determination that a given set of undisputed facts does not rise to the level of exceptional and extremely unusual hardship is 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

## B. Analysis

### 1. Cancellation of Removal

Title 8 U.S.C. § 1229b(b)(1) permits the Attorney General to cancel the removal of an immigrant if the immigrant demonstrates that (1) he has continuously been physically present in the United States for a minimum of 10 years prior to his cancellation of removal application, (2) he has been "a person of good moral character during such period," (3) he has no convictions "under section 1182(a)(2), 1227(a)(2), or 1227(a)(3)" of the INA, and (4) his "removal would result in exceptional and extremely unusual hardship to the [noncitizen's] spouse, parent, or child," who is a U.S. citizen or a lawful permanent resident.[1] 8 U.S.C. § 1229b(b)(1)(A)-(D). Because the statute is permissive, the Attorney General may still deny relief even if the applicant satisfies these requirements. *Singh v. Rosen*, 984 F.3d 1142, 1147 (6th Cir. 2021).

This petition for review turns on whether Petitioner's son would suffer exceptional and extremely unusual hardship from Petitioner's removal from the United States. To demonstrate exceptional and extremely unusual hardship, an applicant must show that "the resulting harm 'sustained' by a deported noncitizen's qualifying relative[] must be 'significantly different from

---

[1] We use the term "noncitizen" as equivalent to the statutory term "alien." *See Santos-Zacaria v. Garland*, 598 U.S. 411, 413 n.1 (2023).

or greater than the hardship that a deported [noncitizen's] family normally experiences.'" *Baltazar Us*, --- F.4th ---, 2026 WL 1162684, at \*3 (quoting *Moctezuma-Reyes v. Garland*, 124 F.4th 416, 422 (6th Cir. 2024)).  As discussed, the BIA ultimately agreed with the IJ that Petitioner failed to meet this burden.

Petitioner raises one argument on this point: he contends that U.S.-citizen children separated from their parents "often suffer neurological and toxic stress."  Petitioner's Br., at 15.  We do not doubt that Petitioner's son and other similarly situated children would likely experience this kind of stress if their parents were removed.  Regrettably, this hardship is precisely the kind of ordinary harm children of removed noncitizens would likely face and thus would not qualify as an exceptional and extremely unusual hardship under § 1229b(b)(1).  *See Moctezuma-Reyes*, 124 F.4th at 422 ("'[E]xceptional and extremely unusual hardship' means hardship sustained by a deported [noncitizen's] qualifying relatives that's significantly different from or greater than the hardship that a deported [noncitizen's] family normally experiences.").

To the extent that Petitioner instead argues that the BIA and the IJ ignored this general principle, the IJ did consider the emotional hardship Petitioner's removal may have on Petitioner's son.  The IJ simply concluded that the record did not demonstrate a strong emotional bond between Petitioner and his son because Petitioner was only involved with the first three years of his son's life and it was unclear whether his son would even remember Petitioner.  We otherwise "lack jurisdiction to disturb the IJ's factual determinations."  *Baltazar Us*, --- F.4th ---, 2026 WL 1162684, at \*4.  Thus, we cannot find that any reasonable adjudicator would be compelled to conclude to the contrary that Petitioner has demonstrated that his son would suffer exceptional and extremely unusual hardship from Petitioner's removal.

### 2. Constitutional Claims

Petitioner next contends that his order of removal violates his Fifth Amendment substantive due process rights to control the upbringing of his child and to access the courts. We cannot review this claim because Petitioner failed to exhaust it in the proceedings below. Petitioner also failed to raise his and his son's Fourteenth Amendment equal protection claims in his appellate briefing, so he has waived this issue. *See Puckett v. Lexington-Fayette Urb. Cnty. Gov't*, 833 F.3d 590, 610–11 (6th Cir. 2016) ("To preserve an issue for appellate review, a party is required to address the issue in its appellate briefing.").

"Congress authorizes courts to review a 'final order of removal only if' [a] '[noncitizen] has exhausted all administrative remedies available to the [noncitizen] as of right." *Singh*, 984 F.3d at 1155 (quoting 8 U.S.C. § 1252(d)(1)). "To satisfy § 1252(d)(1)'s exhaustion requirement, therefore, immigrants must present the specific issue that they seek to raise in court" before the Board. *Id.* And "[t]o raise a claim *properly*, a party generally must comply with the agency's procedural rules for how to raise it." *Id.* Relevant to our review is the Board's requirement that an argument must be argued before the IJ before the Board itself can consider the argument. *See In re of J-Y-C*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007).

We have suggested that this exhaustion requirement only applies to constitutional claims that the Board has jurisdiction to consider. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006). A constitutional claim, however, that "challenge[s] the procedure by which an immigration judge resolved the case" is "the type of claim that the Board can consider." *Singh*, 984 F.3d at 1156. Petitioner's Fifth Amendment claims ultimately challenge the IJ's procedure because Petitioner contends that the IJ should have granted his application for cancellation of removal, or perhaps instead held his application in abeyance, until his custody proceedings had completed.

These claims therefore could have been considered by the IJ, and Petitioner's failure to argue them before the IJ means that he could not properly raise them before the Board.  *See id.* at 1155.  Thus, we cannot consider his constitutional claims.

### III.  CONCLUSION

For the reasons set forth above, we **DENY** the petition for review.